UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30265
Summary Calendar
_____


OLIVER JAMES, Individually and on Behalf of the Estate of Joe
James,

Plaintiff-Appellant,

versus

PRIMERICA LIFE INSURANCE COMPANY

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Middle District of Louisiana
Baton Rouge Division
(96-CV-138-B-M2)
_____

December 11, 1997

Before JONES, SMITH and STEWART, Circuit Judges.

PER CURIAM:[1]

Plaintiff Oliver James, individually and on behalf of the estate of his uncle, Joe James ("James"), brings this suit against Primerica Life Insurance Company for breach of a life insurance contract. James filled out an application for life insurance and tendered the required premium in March 1995 and, after the insurer rejected the application because Oliver James

_____

[1]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

lacked the required insurable interest to be listed as the owner,

again in June 1995.  In both applications, James indicated that he had not been diagnosed with cancer and had not been hospitalized within the last ten years.  In fact, James had been diagnosed with and hospitalized for rectal cancer at least since January 1995.  He had been released from a week's stay in the hospital the day before he signed the second application.  James died of cancer on August 31, 1995.  A policy had not yet been issued because of delays in arranging for an inspection report and paramedical examination of James.  However, Oliver James filed a claim under the application's Conditional Premium Receipt provision, which covered death prior to delivery of the policy. Primerica denied coverage and returned the premiums because James's certified medical records revealed his diagnosis of cancer, and one of the express terms of the interim coverage was that all representations on the policy were true.  Interim coverage also required that the applicant qualify as a "standard risk" under the policy applied for, and undisputed evidence indicates that James was not an acceptable insurance risk.

The district court granted summary judgment in favor of Primerica on the grounds that any coverage was void because James intentionally misrepresented the status of his health on his application for life insurance.  Plaintiff alleges that the

district court erred in granting summary judgment because material fact issues still exist as to James's intent to deceive the insurer.  Having reviewed the briefs, record and relevant authority, we find no reason to reverse the summary judgment granted by the district court.

**AFFIRMED.**